# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RURAL WATER DISTRICT NO. 2,
CREEK COUNTY, OKLAHOMA, an
agency and legally constituted authority of
the STATE OF OKLAHOMA

    Plaintiff,

vs.

CITY OF GLENPOOL, an Oklahoma
Municipality and THE GLENPOOL
UTILITY SERVICES AUTHORITY, a
public trust

    Defendants

Case No. 11-CV-441-JHP-FHM

## OPINION AND ORDER

Plaintiff's Motion for Adverse Inference Jury Instruction, [Dkt. 51], has been referred to the undersigned United States Magistrate Judge for decision. The matter has been fully briefed.

## Factual Background

This case concerns a dispute about the delivery of water in Glenpool. The case was filed in this court, but was dismissed on jurisdictional grounds. A case addressing the same dispute was then filed in state court. The Tenth Circuit reversed the dismissal of this case, the state case was then dismissed, and the prosecution of the instant case resumed.

While the case was pending in state court Plaintiff (Creek-2) subpoenaed two former Glenpool employees, Wendy Knight and Lacy Harbolt, for deposition. When Ms. Knight asked to review certain documents in advance of her deposition, the Glenpool City Attorney arguably interfered with her preparation for her deposition by responding, as follows:

> I just sent you a message stating that the City's consulting lawyer on this case and I will want to meet with you. However, it is entirely possible that we will advise you NOT to look at any

> documents, for two reasons: As you are no longer an employee, there is no reason you should be expected to look at them. More importantly, since you will be our witness, we may want you to be able give him as little information as you honestly can by saying you don't remember. Obviously, if you do know an answer, you must reply. But if you can truthfully state you don't recall, that is permissible.

[Dkt. 66-1, p. 10; e-mail dated April 11, 2012, 3:30 pm]. Thereafter, a series of e-mails were exchanged between Ms. Knight, Ms. Harbolt, and the Glenpool City Attorney[1] which he acknowledges were "inappropriately facetious and lacking in the kind of decorum due judicial proceedings." [Dkt. 52, p. 6].

In the state court Creek-2 sought a wide range of sanctions against Glenpool, including judgment in its favor and/or an adverse inference jury instruction. The state court only granted Creek-2 the relief of permitting Creek-2 to re-depose the witnesses and attorney fees.

During the briefing of this motion, an additional issue developed when it was discovered that the complete text of an e-mail between Ms. Knight and the Glenpool City Attorney was not previously provided to Creek-2. The entire text of the subject e-mail is produced below, with the omitted line typed in bold:

> You're the boss!! I just didn't want him to think I had something to hide, if I couldn't remember a lot ....**I DO, however, remember that there were TWO DIFFERENT PAYMENT SHEETS!!!! Ha ha ha** ☺
>
> That will be fine to meet with you all beforehand ....

[Dkt. 66-1, p. 10; e-mail dated April 11, 2012, 3:34 pm](bold emphasis added, capitalization in original).

---

[1] The entire series of e-mails can be found at Dkt. 66-1, pp.6-32.

The Glenpool City Attorney has filed an affidavit to the effect that he has no explanation for why the line was omitted and represents that the omission was unintentional. [Dkt. 66-1, pp. 1-5]. The Glenpool City Attorney explains that by way of an Open Records Act request dated June 21, 2011, Creek-2 obtained an e-mail authored by Ms. Knight on October 14, 2010 in which she referred to "different excel sheets that they were operating from." [Dkt. 66-1, p. 4, ¶ 22]. Ms. Knight was questioned extensively about the different excel sheets during her depositions taken on May 14 and September 12, 2012. *Id.* The Glenpool City Attorney positively affirms that the statement of Ms. Knight about "two different payment sheets" refers to exactly the same "different excel sheets" about which she has testified. *Id.* at ¶ 23. Ms. Knight's affidavit has also been submitted in which she outlines how the "two different payment sheets" or "different excel sheets" came about and explains that the terms refer to the same subject she was questioned about in her depositions. [Dkt. 66-2, pp.1-6].

## Discussion

Creek-2 seeks an adverse inference jury instruction as a sanction for what it terms is "Glenpool's bad faith and oppressive conduct, including the spoliation of evidence." [Dkt. 51, p. 8]. Creek-2 asserts that Glenpool had a duty to preserve evidence that may be potentially relevant and argues that the e-mail from Glenpool City Attorney to Ms. Knight violated this duty by "wrongfully influencing the deposition testimony of Ms. Knight and Ms. Harbolt." [Dkt. 51, p. 5]. According to Creek-2, the omission of the statement "I DO, however, remember that there were TWO DIFFERENT PAYMENT SHEETS!!!!" from the e-mail production is evidence of concealment of evidence and evidence of bad faith. Creek-2 points out that the state court found that Glenpool's conduct "constituted bad faith

3

or oppressive behavior." [Dkt. 51-8]. Creek-2 claims that Glenpool's actions "significantly altered the deposition testimony of Ms. Knight and Ms. Harbolt," [Dkt. 51, p. 6], and asks for an instruction to allow the jury to infer that uninfluenced testimony from Ms. Knight and Ms. Harbolt would have been unfavorable to Glenpool. *Id.*

The court notes that Creek-2 asked for judgment in its favor, an adverse inference jury instruction, and a list of other dire sanctions for this conduct from the state court. Even though the state court found bad faith and oppressive conduct occurred, additional depositions and related attorney fees were what the state court found was an appropriate remedy. Creek-2 has already been granted relief and this motion is a second attempt to secure an adverse inference jury instruction that the state court denied.

Aside from the fact that the conduct Creek-2 complains of has already been rectified by the state court, Creek-2 has not shown that the requirements for any additional sanction have been met. Spoliation sanctions for the destruction of evidence are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence. *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir.2009), *103 Investors I, L.P. v. Square D. Co.*, 470 F.3d 985, 989 (10th Cir. 2006). The general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

In this case, regardless of whether the conduct of the Glenpool City Attorney and the omission of the statement from Ms. Knight's e-mail can properly be characterized as

oppressive or as bad faith, a key feature necessary for an adverse inference jury instruction is lacking. Creek-2 has not demonstrated any evidence was destroyed or any testimony was influenced. Creek-2 states that Glenpool's actions "significantly altered the deposition testimony of Ms. Knight and Ms. Harbolt." [Dkt. 51, p. 6]. Creek-2 does not, however, explain how that testimony was influenced. The witnesses have each been deposed twice. Presumably, the witnesses were fully prepared for the second deposition because Creek-2 has not voiced any complaint about those depositions. Further, the witnesses have been fully deposed about the two different payment sheets.

The court finds there is no justification for giving an adverse inference jury instruction because Creek-2 has not demonstrated any prejudice to its case resulting from the e-mails, the conduct of the Glenpool City Attorney, the conduct of the witnesses, or from the omission from the production of the e-mail exchange. *See Burlington Northern & Santa Fe R.R. Co., v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)(upholding order denying sanction where "no reasonable finder of fact could determine [party] was meaningfully prejudiced" by alleged conduct).

## Conclusion

The circumstances in this case do not justify an adverse inference jury instruction. Plaintiff's Motion for Adverse Inference Jury Instruction, [Dkt. 51], is DENIED.

SO ORDERED this 30th day of May, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5